UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:24-CR-137-TAV-DCP |
| ) | |
| TIMOTHY RAY STEELMAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF COMMITMENT FOR
MENT AL EXAMINATION AND EVALUATION**

This case is before the undersigned on Defendant's Motion for Competency Evaluation [Doc. 69, SEALED], which District Judge Katharine A. Crytzer referred on December 30, 2026 [Doc. 70, SEALED]. *See* 28 U.S.C. § 636(b). The parties appeared before the undersigned on January 13, 2026, for a motion hearing.[1] Assistant United States Attorney Caroline Poore appeared on behalf of the Government. Attorneys Wade V. Davies and Georgia A. Miller represented Defendant, who was also present.

Defendant asks the Court for a competency evaluation and a hearing to determine his competency to proceed. Mr. Davies stated that the information provided in the sealed motion along with Defendant's Presentence Report [Doc. 31, SEALED] provides reasonable cause for a competency evaluation. Mr. Davies stated that while Defendant has not had a mental evaluation in a long time, his most recent records from treatment at the University of Tennessee confirm prior diagnoses for mild mental retardation, schizo-affective disorder bipolar type, and a history of

---

[1] At the motion hearing, defense counsel agreed that the hearing and this Order need not be sealed and could openly reference the general nature of the contents of the sealed motion.

multiple suicide attempts and drug overdoses. Counsel is in the process of collecting Defendant's mental health records. Mr. Davies states that the available records and counsels' observations of Defendant reveal a thorough in-patient mental evaluation is needed.

AUSA Poore agreed that an inpatient evaluation is appropriate.

Based upon the information in the sealed motion, Defendant's Presentence Report, and the statements of the parties at the hearing, the Court finds that reasonable cause exists to believe that Defendant Steelman may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 69**] to undergo a competency evaluation and for a competency hearing.

The Court hereby **ORDERS**, pursuant to Title 18, sections 4241(b) and 4247(b)–(c) of the United States Code, as follows:

> (1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the United States Marshals Service shall notify counsel for both parties promptly. The Government then **SHALL FILE** a notice of designation in the record to alert the Court.
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> (3) Pursuant to Rule 12.2(c), Defendant is to submit to such examinations as ordered above.

(4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility. The facility is asked to evaluate a suitable medication regime for Defendant and to place him on the proper medication for his mental health if appropriate.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

    (a) Defendant's history and present symptoms;

    (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis and prognosis, and

    (e) the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshals Service immediately following the completion of the evaluation or the expiration of the thirty (30)-day period, or any reasonable extension of that period, whichever is sooner.

(8) A competency hearing and revocation hearing is set for **April 20, 2026, at 1:30 p.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has

not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshals Service shall notify counsel for both parties and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the United States Marshals Service shall bring him to the **April 20, 2026** competency hearing.

(10) Counsel for Defendant Steelman is **DIRECTED** to provide the evaluating mental health provider with a copy of the sealed motion [Doc. 69] and copies of the Defendant's medical, mental health, and educational records in counsel's possession or that counsel receives during the pendency of the evaluation.

(12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED**.

ENTER:

_Jill E. McCook_
Jill E. McCook
United States Magistrate Judge

4

Case 3:24-cr-00137-KAC-JEM    Document 72    Filed 01/16/26    Page 4 of 4    PageID #: 300